Beverly **BROWNSTEIN** and Bernard Brownstein, h/w

v.

**DOW CORNING WRIGHT.**

Civ. A. No. 87-1020.

United States District Court, E.D. Pennsylvania.

Feb. 1, 1988.

Jerome J. Reitano, Smukler & Reitano, P.C., Philadelphia, Pa., for plaintiffs.

Robert S. Forster, Jr., Krusen Evans & Byrne, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HANNUM, Senior District Judge.

This is a personal injury action in which Mrs. Brownstein alleges that she was injured by a prosthetic mammary device manufactured by the defendant. She bases her claim upon theories of negligence, product liability and breach of warranty.[1] Presently before the Court is the defendant's motion for summary judgment

---

1. The action before the Court is grounded on diversity jurisdiction and is, therefore, governed by the law of Pennsylvania. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

in which the defendant contends that this action is barred by the Pennsylvania statute of limitations.[2]

## I. Background

In October of 1972, plaintiff Beverly Brownstein underwent bilateral breast augmentation surgery. The plaintiff alleges that the prosthetic mammary devices were manufactured by the defendant. The plaintiff contends that she "had dissatisfaction around 1983 or 1982."

Sometime in 1984, the plaintiff saw Dr. Cha, a plastic surgeon, and in July of 1984, the plaintiff saw Dr. Noone, also a plastic surgeon. Dr. Noone told the plaintiff that he could not be sure of the cause of her complaints without surgery.

On June 4, 1985, the plaintiff underwent revision surgery to replace the breast prothesis. The defendant alleges and the plaintiff admits that Dr. Fitzpatrick, the treating physician, concluded that the prosthesis which she replaced had ruptured and that tissue had grown around a fixation patch at the left prosthesis in a manner involving rib tissue.

The plaintiff filed her complaint on February 24, 1987.

The defendant contends "that the condition of which the plaintiff complains could have been discovered more than two years before the plaintiff commenced this action"; "that the plaintiff was concerned that her complaints about her breasts were related to the mammary prosthesis more than two years before she commenced this action"; and that the plaintiff understood that the only procedure available to diagnose completely the cause of her complaints was surgery, but delayed undergoing the procedure again because of her fear and anxiety regarding the breast surgery, which involved pain and discomfort. The defendant admits that the surgery produced the evidence upon which the plaintiff bases her claim.

## II. Negligence and Product Liability

In Count I of the Complaint, the plaintiff pertinently alleges that the defendant was negligent in selling and distributing the surgical implants in a defective condition, in failing to make a reasonable inspection to discover the defects in the surgical implants, and in failing to warn of the defective implants. In Count II, the plaintiff asserts a claim based on strict liability in tort.

In Pennsylvania, a cause of action to recover damages for injuries to the person caused by the wrongful act or neglect or unlawful violence or negligence of another must be commenced within two years. 42 Pa.C.S. § 5524(2). In Pennsylvania, courts have ameliorated the harsh effect of the statute of limitations by adopting the "discovery rule." When the rule is applied, the statute of limitations does not begin to run until the plaintiff has discovered his injury, or, in the exercise of reasonable diligence, should have discovered his injury. *Burnside v. Abbot Laboratories*, 351 Pa.Superior Ct. 264, 291, 505 A.2d 973, 987 (1985). Injury occurs "when the act heralding a possible tort inflicts a damage which is physically objective and ascertainable." *Ayers v. Morgan*, 397 Pa. 282, 290, 154 A.2d 788, 792 (1959). In order to determine what is reasonable diligence in a particular case, one must evaluate the plaintiff's actions to discover whether he exhibited "those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interests and the interests of others." *Petri v. Smith*, 307 Pa.Superior Ct. 261, 271, 453 A.2d 342, 347 (1982) (quoting Restatement (Second) of Torts § 283, comment b). As the court observed in *Burnside*, 351 Pa.Superior Ct. at 292, 505 A.2d at 988 (citations omitted):

> [W]here the issue involves a factual determination regarding what is a reasonable period of time for a plaintiff to discover his injury and its cause, the determination is for the jury. Only

**2.** Summary judgment is appropriate when the Court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

where the facts are undisputed and lead unerringly to the conclusion that the length of time it took the plaintiff to discover the injury or its cause was unreasonable may the question be decided as a matter of law on summary judgment.

The defendant contends that the plaintiff's cause of action accrued not later than July of 1984 when the plaintiff was examined by two plastic surgeons, Dr. Cha and Dr. Noone. The defendant asserts that Dr. Noone told the plaintiff that it was possible that the prosthesis in her left breast had torn or ruptured but that he could not be sure of the cause of the plaintiff's complaints without surgery. The defendant further contends that in July of 1984, "the plaintiff either possessed the information necessary for a cause of action to accrue or knew what had to be done to obtain it."

■ With respect to the defendant's contention that in July of 1984, the plaintiff possessed the information necessary for a cause of action, the Court believes that the evidence contradicts the defendant's conclusion. Dr. R. Barrett Noone, who examined the plaintiff on July 16, 1984, testified at his deposition that he could not really tell anything about the condition of either of the plaintiff's breasts or the mammary implant from viewing six photographs of the plaintiff.[3] Dr. Noone further testified that he

> had no firm feeling about that [the rupture of the implant] because there really is not a very good non-invasive study to make that determination.... In other words, she already had a normal mammogram and a normal ultrasound and I had no other way—my diagnosis was a presumptive diagnosis rather than a confirmatory one because short of taking out the implants, I could not prove or substantiate the diagnosis that these were silicone granulomas emanating from a ruptured implant.... I told her it was possible that the implant could

have been ruptured at some time over the years, and that I couldn't be sure which it was or at all....[4]

In addition, Dr. Noone, who made no suggestion to the plaintiff that there was any need for a follow-up examination, testified that if there had been some kind of problem, such as "an infected implant or something that would require very immediate attention," he would have noted it.

The evidence shows that on July 16, 1984, Dr. Noone concluded that he could not make a confirmatory diagnosis without surgery. Based on Dr. Noone's presumptive diagnosis, the plaintiff had no injury of which to complaint and, contrary to the defendant's contention, could not have filed suit in July of 1984.

■ Having concluded that the plaintiff did not discover her injury in July of 1984, the Court must address the question of whether in the exercise of reasonable diligence, the plaintiff should have discovered her injury. The plaintiff testified at her deposition that in 1964 she had a thyroidectomy on the right side of her throat; that the doctor who removed the thyroid told her that there was "a whole family tree right down the chest wall"; that there was another one on the left side; and that the pain she felt was perhaps associated with the thyroid. The plaintiff further testified that the results of mammograms were negative. She described the great pain she suffered for two weeks following the augmentation surgery as being more painful than having children. The plaintiff stated that Dr. Noone did not know whether there was any connection between her augmentation surgery and the pain she felt and that neither Dr. Cha nor Dr. Noone was able to tell her anything unless she went into surgery. The plaintiff underwent surgery on June 4, 1985 to have the implants removed after Dr. Fitzpatrick told her to get the implants removed because she had a problem.

---

**3.** Noone Deposition, 6. A copy of the transcript of Dr. Noone's deposition is attached to the defendant's motion for summary judgment (Docket Entry No. 15).

**4.** *Id.* at 29.

The Court believes that here, where the plaintiff believed that her pain could have been related to her thyroid problem, that Drs. Cha and Noone were not certain as to the cause of the plaintiff's pain, and that surgery was bound to be painful, the factual determination with respect to the plaintiff's reasonable diligence is for the jury. Accordingly, the Court will deny the defendant's motion for summary judgment with respect to Counts I and II.

### III. Breach of Warranty

 In Count III of the Complaint, the plaintiff alleges that the defendant impliedly warranted that its surgical implant product was merchantable and reasonably fit for use and safe for its intended purpose. In Count IV, the plaintiff alleges that the defendant expressly warranted through sales and marketing literature, publications, advertisements, oral representations and/or written representations or affirmations of fact that their surgical implant product could safely be used in the manner and purpose intended by the plaintiff.

Under the Uniform Commercial Code, the statute of limitations period applicable to a breach of warranty action is four years. 13 Pa.C.S. § 2725. *See also* 42 Pa.C.S. § 5525(2).

Section 2725 provides in part:

(a) General rule.—An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

(b) Accrual of cause of action.—A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

Thus, except for explicit warranties of future performance, 13 Pa.C.S. § 2725 expressly rejects a discovery rule similar to the one that has developed in personal injury actions. Applying the statute to the facts of this case, the plaintiff's cause of action for breach of warranty accrued in 1972 when she underwent breast augmentation surgery. The four-year statute of limitations had run by February 24, 1987, when the plaintiff filed the complaint. Finding that there are no genuine issues as to material fact concerning the breach of warranty issue, and that the defendant is entitled to judgment as a matter of law, the Court will grant the defendant's motion for summary judgment with respect to Counts III and IV.